OPINION
{¶ 1} Plaintiffs-Appellants, Tina M. Law and Scott A. Law (hereinafter jointly referred to as "Appellants"), appeal a judgment of the Allen County Probate Court, finding that biological father, Jeffery Dru Kies, is required to consent prior to Appellants' adoption of Jori Marie Law. On appeal, Appellants assert that the Probate Court erred in determining that the consent of Kies, who has been declared incompetent, through his guardians was required; that the Probate Court erred in concluding that an administrative finding of paternity by the Allen County Child Support Enforcement Agency ("CSEA") established a parent-child relationship, because CSEA failed to complete its statutory chain of duties; and, that the Probate Court erred in failing to hold a hearing as required by R.C.3107.061. Finding that Kies' consent is clearly required under R.C. 3107.06(B)(3) and that the issue of Kies' status as a putative father is irrelevant, we affirm the judgment of the Probate Court.
 {¶ 2} On May 25, 2004, Jori was born to Stephanie Ann Burklo, who was a single mother. At the time of Jori's birth, Kies was the alleged biological father. In June of 2001, Kies was determined to be incompetent and his parents, Mary Theresa and Shannon L. Kies, were appointed as co-guardians of his person and property. (Hereinafter, Kies and his co-guardians jointly referred to as "Appellees"). Kies' name does not appear on Jori's birth certificate, and he has not registered as Jori's putative father with the Putative Father Registry pursuant to R.C.3107.062.
 {¶ 3} In June of 2004, CSEA initiated an administrative proceeding to establish the paternity of Jori pursuant to R.C.3111.38 to 3111.54. Blood was taken from Burklo, Jori and Kies. Following genetic testing of the blood samples, Kies was found to be the biological father of Jori to a 99.9% degree of certainty. As a result of this administrative proceeding, an Administrative Order Establishment of Paternity was issued by CSEA, stating that Kies had been determined to be Jori's biological father. Additionally, the Administrative Order Establishment of Paternity ordered that a parent-child relationship existed between Kies and Jori. No objections were filed within thirty days following the issuance of the Administrative Order Establishment of Paternity; therefore, the order became final and enforceable pursuant to R.C. 3111.49.
 {¶ 4} In July of 2004, Burklo died and Burklo's adult sister, Cindy, was appointed the emergency guardian of Jori. In August of 2004, Tina Law, a close family friend of Burklo, was appointed co-guardian of Jori with the approval of one of Kies' co-guardians.
 {¶ 5} In August of 2004, Appellants and Appellees entered into an agreement, allowing Kies to have visitation with Jori. In November of 2004, the parties' visitation agreement was journalized by the court. Since the visitation agreement was executed, Kies has been allowed and has had visitation with Jori.
 {¶ 6} In September of 2004, Appellants' attorney sent a letter to Appellees, requesting that they consent to Appellants' adoption of Jori. Approximately ten days later, Appellees' attorney replied to Appellants' letter, stating that at the present time his clients were not ready to consent to Jori's adoption. Additionally, Appellees' letter requested that Appellants not file a petition for adoption at the current time, because Appellees would likely object to such a petition.
 {¶ 7} In December of 2004, Appellants filed a petition to adopt Jori. In their petition for adoption, Appellants listed Appellees as "persons whose consent to the adoption is not required," based upon R.C. 3107.07(B)(2)(b) (c). In March of 2005, one of Kies' co-guardians filed objections to the Appellants' petition to adopt Jori, claiming that Kies, as the biological father, must consent to the adoption pursuant to R.C.3107.06(B).
 {¶ 8} In August of 2005, the Probate Court issued a judgment, finding that the consent of Kies by his co-guardians is required before Appellants are able to adopt Jori. Specifically, the Probate Court found that Kies was determined to be the biological father of Jori and that a parent-child relationship had been established pursuant to the administrative proceedings of CSEA. Additionally, the Probate Court found that R.C. 3107.06(B)(3) requires the consent of Kies, as the biological father, unless such consent is not required by R.C. 3107.07. R.C. 3107.07
provides in pertinent part:
Consent to adoption is not required of any of the following:
* * *
(G) A legal guardian or guardian ad litem of a parentjudicially declared incompetent in a separate court proceedingwho has failed to respond in writing to a request for consent,for a period of thirty days, or who, after examination of thewritten reasons for withholding consent, is found by the court tobe withholding consent unreasonably[.]
Finding that Appellees' letter responding to Appellants' letter, requesting consent to adopt Jori, complied with the requirements of R.C. 3107.07(G), the Probate Court found that Kies' consent was required under R.C. 3107.06(B)(3).
 {¶ 9} It is from this judgment Appellants appeal, presenting the following assignments of error for our review.
 Assignment of Error No. I The Probate Court erred in determining consent to adoption isrequired from incompetent ward's co-guardians in contradiction toO.R.C. section 3107.07(G).
 Assignment of Error No. II The Probate Court erred in concluding that CSEA created aparent-child relationship when CSEA never completed its statutorychain of duties.
 Assignment of Error No. III The Probate Court incorrectly applied the adoption consentstatutes, failing to hold a hearing as required by O.R.C. section3107.061 to consider the reasons for objecting to the adoptionand applying those reasons to the best interests of the child.
 Assignment of Error No. I {¶ 10} In the first assignment of error, Appellants contend that the Probate Court erred in finding that Appellees' consent was required for the adoption of Jori. Specifically, Appellants argue that the Probate Court's finding contradicts R.C.3107.07(B) (G).
 {¶ 11} R.C. 3107.06 provides, in relevant part:
Unless consent is not required under section 3107.07 of theRevised Code, a petition to adopt a minor may be granted only ifwritten consent to the adoption has been executed by all of thefollowing:
 (A) The mother of the minor;
 (B) The father of the minor, if any of the following apply:
 (1) The minor was conceived or born while the father wasmarried to the mother;
 (2) The minor is his child by adoption;
 (3) Prior to the date the petition was filed, it wasdetermined by a court proceeding pursuant to sections 3111.01 to3111.18 of the Revised Code, a court proceeding in another state,an administrative proceeding pursuant to sections 3111.38 to3111.54 of the Revised Code, or an administrative proceeding inanother state that he has a parent and child relationship withthe minor;
 (4) He acknowledged paternity of the child and thatacknowledgement has become final pursuant to section 2151.232,3111.211, or 5101.314 of the Revised Code.
 (C) The putative father of the minor[.]
 {¶ 12} R.C. 3107.07 provides in relevant part:
Consent to adoption is not required of any of the following:
* * *
(B) The putative father of a minor if either of the followingapplies:
 (1) The putative father fails to register as the minor'sputative father with the putative father registry establishedunder section 3107.062 of the Revised Code not later than thirtydays after the minor's birth;
 (2) The court finds, after proper service of notice andhearing, that any of the following are the case:
 (a) The putative father is not the father of the minor;
 (b) The putative father has willfully abandoned or failed tocare for and support the minor;
 (c) The putative father has willfully abandoned the mother ofthe minor during her pregnancy and up to the time of hersurrender of the minor, or the minor's placement in the home ofthe petitioner, whichever occurs first
* * *
(G) A legal guardian or guardian ad litem of a parentjudicially declared incompetent in a separate court proceedingwho has failed to respond in writing to a request for consent,for a period of thirty days, or who, after examination of thewritten reasons for withholding consent, is found by the court tobe withholding consent unreasonably[.]
 {¶ 13} Here, Appellants argue that the trial court erred in relying R.C. 3107.06(B)(3) as grounds for requiring Appellees' consent. According to Appellants, pursuant to R.C. 3107.07(B) or (G), Appellees' consent is not required. We disagree.
 {¶ 14} As noted above, in June of 2004, CSEA initiated an administrative proceeding to establish the paternity of Jori pursuant to R.C. 3111.38 to 3111.54. On July 30, 2004, CSEA issued an Administrative Order Establishment of Paternity, stating that Kies was the biological father of Jori. Additionally, the Administrative Order Establishment of Paternity found that a parent-child relationship existed between Kies and Jori. Based upon the plain language of R.C. 3107.06(B)(3), which specifically refers to administrative proceedings pursuant to R.C. 3111.38 to 3111.54, a parent-child relationship has been established between Kies and Jori. Thus, under R.C.3107.06(B)(3), Kies' consent is required unless there is an exception under R.C. 3107.07.
 {¶ 15} Having found that Kies' consent is required under R.C.3107.06(B)(3), Kies' status as a putative father, under R.C.3107.06(C), is irrelevant. In other words, because Kies' paternity has been established through the Administrative Order Establishment of Paternity, it is unnecessary to determine whether his registration as a putative father was required. Furthermore, an inquiry into whether Kies' consent is not required under R.C. 3107.07(B), which addresses when a putative father is not required to consent. As in In re Adoption of BabyBoy Brooks (2000), 136 Ohio App.3d 824, 830, where there had been a finding of a parent-child relationship under R.C.3107.06(B)(3), consent of an adjudicated father is required under that section of the Revised Code, regardless of whether he failed to timely register as a putative father.
 {¶ 16} Next, Appellants argue that Appellees' consent was not required under R.C. 3107.07(G). As noted above, R.C. 3107.07(G) provides that where the legal guardian of an incompetent parent fails to respond in writing to a request for consent within thirty days, a parent's consent is not required for an adoption. The Probate Court clearly considered this issue. As noted above, the Probate Court found that Appellees' letter responding to Appellants' request for consent to adopt Jori complied with the requirements of R.C. 3107.07(G). Upon review of the record, we cannot find that the Probate Court erred in making this determination. It is clear from the record, that following Appellants' letter to Appellees', which requested Appellees consent in Jori's adoption, Appellees' responded in writing through their attorney. In that letter, Appellees stated that they would not consent to the adoption at that time and that they would object to any petition for adoption. As the Probate Court found, we too find that this letter meets the requirements set forth in R.C. 3107.07(G).
 {¶ 17} Having found that a parent-child relationship has been determined through an administrative proceeding, Kies' consent is required under R.C. 3107.06(B)(3). Furthermore, finding that Appellees' complied with R.C. 3107.07(G), we cannot say that such consent has been waived. Accordingly, we cannot find that the Probate Court erred in requiring Kies' consent; therefore, the first assignment of error is overruled.
 Assignment of Error No. II {¶ 18} In the second assignment of error, Appellants assert that that the Probate Court erred in finding that the Administrative Order Establishment of Paternity created a parent-child relationship, because CSEA never complied with its statutory chain of duties. We disagree.
 {¶ 19} As noted above, in June of 2004, CSEA initiated an administrative proceeding to establish the paternity of Jori. On July 30, 2004, CSEA issued an Administrative Order Establishment of Paternity, establishing a parent-child relationship between Kies and Jori.
 {¶ 20} R.C. 3111.49 provides:
The mother, alleged father, and guardian or legal custodian ofa child may object to an administrative order determining theexistence or nonexistence of a parent and child relationship bybringing, within thirty days after the date the administrativeofficer issues the order, an action under sections 3111.01 to3111.18 of the Revised Code in the juvenile court or other courtwith jurisdiction under section 2101.022 or 2301.03 of theRevised Code in the county in which the child support enforcementagency that employs the administrative officer who issued theorder is located. If the action is not brought within thethirty-day period, the administrative order is final andenforceable by a court and may not be challenged in an action orproceeding under Chapter 3111 of the Revised Code.
Appellants filed no objections to the establishment of paternity; therefore, the Administrative Order Establishment of Paternity became final and enforceable pursuant to R.C. 3111.49. Because Appellants failed to object to the initial administrative finding of paternity, Appellants are not able to now challenge this issue on appeal in the adoption case of Jori. Regardless of Appellants' complaint that the complete establishment of the parent-child relationship required under the statute has not been followed, the issue before this court is whether Appellees consent is required for Jori's adoption. Having found that a parent-child relationship has been established between Kies and Jori and that Appellants failed to object to that finding under R.C. 3111.49, following the issuance of the Administrative Order Establishment of Paternity, Appellants are barred from raising this issue on appeal in the case sub judice. Accordingly, the second assignment of error is overruled.
 Assignment of Error No. III {¶ 21} In the third assignment of error, Appellants assert that the trial court erred in failing to hold a hearing as required by R.C. 3107.061 to consider the reasons for the objections to the adoption and to consider the best interest of the child.
 {¶ 22} R.C. 3107.061 provides:
A man who has sexual intercourse with a woman is on noticethat if a child is born as a result and the man is the putativefather, the child may be adopted without his consent pursuant todivision (B) of section 3107.07 of the Revised Code.
 {¶ 23} Appellant argues that Kies can be referred to as a putative father and that based upon R.C. 3107.061 his consent is not required. As noted above, because a parent-child relationship has been established through the administrative proceedings pursuant to R.C. 3111.38 to 3111.54, Kies' consent is required under R.C. 3107.06(B)(3) and the issue of Kies status as a putative father is superfluous.
 {¶ 24} Appellants goes on to argue that under R.C. 3107.061, quoted in full above, Kies was required to provide written reasons for objections to Jori's adoption and that trial court was required to hold a hearing upon those objections. Upon review of the above statute, R.C. 3107.061 clearly does not support either of Appellants' assertions. Furthermore, while a court is required to determine what is in the best interest of the child, the threshold issue in an adoption case is whether parental consent is required. In re Adoption of Kuhlmann (1994),99 Ohio App.3d 44, 51. As noted by the Brooks Court:
An adoption in Ohio is a two-step process, involving first adetermination whether parental consent is required and, second,whether the adoption is in the best interest of the child.Parental consent to an adoption, if required, is a jurisdictionalprerequisite. Thus, upon finding that parental consent isrequired and denied, a probate court cannot then consider thebest interest of the child because the court lacks jurisdictionto proceed.
 136 Ohio App.3d 824, 832 (citations omitted).
 {¶ 25} Thus, having found that Kies' consent is clearly required under R.C. 3107.06(B)(3) and that the issue of Kies' status as a putative father is irrelevant, the third assignment of error is overruled.
 {¶ 26} Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Shaw and Cupp, J.J., concur.